# Fowler v. Dan F. Elliott, Trustee in Bankruptcy for the Seven States Oil Company.

(Decided February 15, 1927.)

## Appeal from McCracken Circuit Court

1. Bankruptcy—Fraudulent Representations of Joint-Stock Association's Agent, Inducing Stock Subscriptions, did Not Relieve Subscriber from Obligation to Pay Balance Due to Trustee in Bankruptcy.—Signer of stock subscription contract in joint-stock association held not relieved from paying trustee in bankruptcy, for use and benefit of creditors, balance due on subscription, by fact that subscription was entered into as result of fraudulent representations on part of association's agent, though such defense would be available as between association and subscriber before insolvency.

2. Joint-Stock Companies and Business Trusts—Provision for Retention of Initial Payment as Liquidated Damages for Default did Not Render Stock Subscription Contract Invalid.—Contract subscribing for stock in joint-stock association held not invalid because of pr...

vision that in case of nonpayment amount paid on date of execution would be retained as liquidated damages; amount forfeited not being unreasonable compensation for failure to carry out contract, and provision not being for benefit of subscriber.

3.    Joint-Stock Companies and Business Trusts—New, 1926 Current Digest—"Assumed Name" Statute Held Inapplicable to Action by Receiver of Joint-Stock Association on Stock Subscription (Ky. Stats., Section 199b).—Requirement of Ky. Stats., section 199b, requiring that business be conducted in name of real parties in interest, unless assumed name was certified to clerk of county court and there recorded, held inapplicable to action by receiver of joint-stock association on stock subscription contract.

C. C. GRASSHAM and L. B. ALEXANDER for appellant.

BRADSHAW & MACDONALD for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The trustee in bankruptcy of the Seven States Oil Company commenced this action in the McCracken circuit court against appellant, Fowler, to recover on two stock subscription contracts which he executed to the oil company in 1919. The first subscription was made September 12, 1919, for 100 shares, par value of $10.00, capital stock of the Seven States Oil Company, a joint stock company; and the other subscription was on November 11, 1919, for 50 shares at the same price per share. He paid down $50.00 on the first subscription and $100.00 on the second, and owed a balance of $950.00 on the first subscription and $400.00 balance on the second subscription. From time to time thereafter he made payments upon his subscriptions until the whole amount paid amounted to something like $850.00 or $900.00. He then ceased to pay. In the meantime he received from the company dividends of one per cent per month upon his stock and converted these dividends to his own use. About two and a half years after his subscription the company went into bankruptcy, and this suit was soon thereafter instituted by the trustee. The cause being submitted to the court it was adjudged that Elliott, trustee in bankruptcy, recover of appellant, Fowler, $999.48, with interest and cost. From that judgment Fowler appeals.

The first defense relied upon is obtention of the subscription contract by the agent of the oil company through fraudulent representations. He argues that Hodge, the agent of the Seven States Oil Company, induced him to

buy the stock by representing that it was a solvent going concern owning several producing wells and other valuable oil property, both real and personal, and was paying dividends from its earnings, whereas he says. he discovered afterwards that it had no property of value and that it was not earning money from which it could pay dividends but what dividends it paid were paid out of money obtained from sale of stock. The evidence seems to support this contention, but this does not relieve appellant, Fowler, from his obligation to pay the trustee for the use and benefit of the creditors the balance due upon his subscription. As between Fowler and the oil company this defense would have been good, but after the oil company passed into the hands of the receiver and the creditors were seeking to enforce their claims against its assets, two and a half years after the subscription and before appellant, Fowler, sought to set aside his subscription for the stock, this plea is unavailing. In other words, he cannot plead fraud under the facts of this case against the creditors of the corporation.

It is next insisted that the contracts which he signed and which are now the basis of this action were and are invalid, because they contain this clause, "It is agreed and understood that if I fail to pay the same at maturity that I forfeit the amount paid this date as liquidated damages." This is the last sentence in the paragraph which is the written obligation to pay in the subscription contract. The promise is an absolute one, and says:

"On or before November 12, 1919, for value received I promise to pay to the order of the Seven States Oil Company the sum of $950.00, being balance due on 100 shares of the capital stock in said company this day subscribed for."

Then follows the forfeiture clause set out above. As stated above appellant paid down $50.00 on the first subscription and. $100.00 on the second subscription, and these are the amounts which it appears in the contract were to be forfeited if he failed to meet other deferred payments. This is clear from the contract, which says: "If I fail to pay same at maturity I forfeit the amount paid this date." "This date" refers, of course, to the date of the contracts, one of which is September 12th, and the other November 11th, and not to payments

made on other dates. Then, too, that clause was for the benefit of the oil company and not for the benefit of the subscriber to stock. No forfeiture could take place unless the oil company decided to exercise its right to forfeit the sum paid as liquidated damages. Certain the subscriber had no right to say he would take advantage of that provision of the contract. We see no reason for holding the stock subscription invalid because it contains the liquidated damage clause, for the amount proposed to be forfeited was not large in comparison with the amount of the contract and may not have been reasonable compensation for the loss sustained by reason of the failure to carry out the contract and could, therefore, be reasonably held to be liquidated damages and not a penalty. Louisville Gas and Electric Co. v. City of Louisville, 191 Ky. 797.

Appellant next insists that this action can not be maintained by the trustee of the oil company because that company was not a corporation but a joint stock association and had not complied with the provisions of section 199b, Kentucky Statutes, which provides that a business must be conducted in the real name of the parties in interest unless the assumed name under which business is carried on is certified to the clerk of the county court and there duly recorded. In Hunter v. Big Four Auto Company, 162 Ky. 778, and in several other cases we have held that one who received and retained property under a contract with a partnership which had not complied with section 199b, Kentucky Statutes, could not be held liable on the contract although retaining the property. This rule has worked so much injustice and has become so obnoxious to the court that we, after full consideration of the question by the whole court, have decided to change it, and to allow an action to be maintained, and have so held in the recent cases of Hayes v. Providence Citizens' Bank, et al., 218 Ky. 128, and cases there cited.

Moreover, this is a joint stock association, and, as held in the case of American Railway Express Company v. Asher, et al., 218 Ky. 172, the rule could have no application to the facts in this case. No other substantial defense was relied upon by appellant, Fowler, hence it follows that the judgment of the lower court must be and is affirmed.

Judgment affirmed.